**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:02-CR-361 CAS |
| ) | |
| KEITH BARANSKI, ) | |
| ) | |
| Defendant. ) | |

## **MEMORANDUM AND ORDER**

This closed criminal matter is before the Court on defendant Keith Baranski's Motion for Return of Defendant Baranski's U.S. Passport. The memorandum in support of the motion states that Baranski surrendered his U.S. Passport to the United States Probation Office on July 8, 2002, and the passport has remained in the custody of the Court since that time. Baranski states that he is scheduled to be released from USP Lewisburg, and therefore seeks the return of his passport, which is valid and unexpired.

The government responds that when the defendant made his Rule 5 Initial Appearance before United States Magistrate Judge Adelman, the Court set the defendant's bond at $10,000.00 ($5,000 secured). In accordance with the conditions of his bond release, defendant surrendered his United States passport to the United States Pre-Trial Services Office. On or about November 18, 2002, following a jury trial, defendant was found guilty of violating one count of Title 18, United States Code, Section 371 (Conspiracy to defraud the United States). On February 20, 2003, defendant was sentenced to 60 months imprisonment followed by three years of supervised release and was remanded to the custody of the United States Marshal. The government states that defendant is presently serving his term of imprisonment and remains in the custody of the United States Bureau of Prisons, with a projected release date of August 26, 2007. The government also states that as a standard condition of supervised release, upon the defendant's release from prison, he is prohibited from leaving the judicial district in which he resides absent permission from the United States Probation Office. See Judgment dated February 20, 2003 and Standard Condition #1 [Doc. 144]

The government states that it does not object to defendant's request for the return of his property. Nonetheless, because a valid United States passport can facilitate international travel and defendant's travel is restricted by the Judgment entered against him, the Government asserts that consultation with the United States Probation Office is warranted. The government states that because defendant is required to report to the United States Probation Office within 72 hours of his release, and that Office will administer defendant's supervised release, the probation officer assigned to defendant's case is in the best position to evaluate and manage the conditions of his release; including whether returning travel documentation would be warranted under any circumstances.

Based on the foregoing, the Court will deny defendant's motion for return of his U.S. passport without prejudice. The motion is premature as defendant is scheduled to remain imprisoned until August 26, 2007. Upon defendant's release from incarceration and initial report to the United States Probation Office, defendant may file another motion for return of the passport.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Keith Baranski's motion for return of his United States passport is **DENIED** without prejudice. [Doc. 183]

                                    **CHARLES A. SHAW**
                                    **UNITED STATES DISTRICT JUDGE**

Dated this  7th  day of February, 2007.